Harper, J.
I am sufficiently clear that the plea in the present case cannot be supported, whatever may be the merits of the case itself. The rule is unquestionable, that where the same matter has been determined by a decree between the same parties, that will be a bar to a new bill. But then it must appear that the rights of the parties were actually con *263 si dered and adjudicated. In Brandlyn v. Ord, 1 Atk. 511, Lord Hardwicke laid down the rule where the defendant pleaded a former suit, and that the Court implied that there was no title where they dismissed the bill, that this was not sufficient; they must show that it was res adjudicata, an absolute determination in the Court that the plaintiff had no. title; and that a bill dropped for want of prosecution is never to be pleaded as a decree of dismission in bar to another bill. See also Pickett v. Loggon, 14 Ves. 230. If a party by his bill makes out an imperfect case, so that a demurrer would hold, and the bill be dismissed on that ground, I am not aware that this has ever been held a bar, if by a new bill he can make out a good case. In Child v. Gibson, 2 Atk. 603, the Chancellor said, “every plea that is set up as a bar, must be ad idem.” As I understand the facts of the case from the opinion of the Chancellor, there had been a former bill against the defendant as executor, for an account. The new bill was also for an account, but stating specific facts of the executor’s having made interest on legacies specifically bequeathed. The Chancellor sustained the plea to so much of the bill as sought a general account, but directed it to stand for an answer relative to a demand for interest. He says, “it is extremely hard to say, that because the plaintiff failed in the case which he made on the former account, that now he has made a new case, and brought a new bill, that he shall not be allowed to go on, but be barred by a plea of a former decree in the same matter.” So in Collins v. Gough, I Bro. Par. Ca. 94, (quoted 2 Mad. Ch. 249.) “ A plea of a former deed for the payment of titles, where a modus and the lands alleged to be covered by it, were imperfectly *stated, so that the Court could not direct an issue, was held not to be a bar to a bill for establishing the modus.” “Former bill depending pleaded in bar of a second; but the latter had some new matter. Plea allowed with the actual costs; but defendant to answer the second bill, and the former dismissed with twenty shillings costs.” 2 Bridg. Dig. Tit. Lis. Pendens, 2, referring to Crofts v. Wortley, 1 Ch. Ca 241. That is to say the plea was sustained so as to give costs, but the defendant was directed to answer the latter bill which contained the whole case. The cases in which the plea of a former decree has been sustained, such as Bell v Read, 3 Atk. 590, were those .'in which the case made by the former bill was in every respect the same.
Is the case made by the two bills we are considering the same ? The former, after stating the circumstances of plaintiff’s claim, the sale of the land by the sheriff, Hunt, the purchase by plaintiff, and the deed executed to him by Hunt, by which he discharged him of the purchase-money, without its being actually paid, prays an injunction to restrain M’Dowall & Black from proceeding against Hunt. In the present bill it is further stated, that upon Hunt’s executing the deed to plaintiff, plaintiff promised to indemnify him, and afterwards, in pursuance of his promise, executed a bond of indemnity, on which he will be liable if M’Dowall & Black’s judgment should be enforced against Hunt. Do these make the same case? The Chancellor says, in his decree, that “the only difference in the case attempted to be shown by the counsel was, that the bill in the former case did not set forth that H. Gist had actually given a bond of indemnity, but only that he had promised to indemnify. It does not appear to me that this varies the case at all.” How, the former bill of *264 Gist and Hunt does not set forth any promise to indemnify ; unless it be meant that from the fact of taking the deed, there resulted a liability to pay the purchase-money, from which such a promise would be implied, notwithstanding the acknowledgment of the receipt of the money in the deed. Nor does any such promise appear in any part of the proceedings. The present plaintiff, in his answer to the former bill of M’Dowall & Black, only says that he “ does not remember that James Hunt, the sheriff, ever called on him for the purchase-money of said property; but if he had, this defendant would not have paid him, as he was confident that it was due to this defendant under the liens above stated.” On the contrary, *the former bill of Gist and Hunt was dismissed, so far as respects Gist, exclusively on the ground that he had shown no interest in himself or liability to Hunt, which authorized him to interfere between the other parties, or call for the aid of the Court. It is said in the opinion of this Court, that “it does not appear so far as the effect of the judgment is concerned, that he needs any relief. He has both land and money in his own hands. Hunt made him a conveyance and discharged him of the purchase-money, and M’Dowall & Black may enforce their judgment against Hunt; yet on principles of law, Hunt cannot recover over against Gist.” It is added, “ To be sure, if, as suggested, he has given a bond of indemnity to Hunt, he may be liable on that; not as being bound by the judgment, but as being rendered liable by his own act.” The existence of such a bond was surmised in argument, but the quotation shows that it forms no part of the case then made, but was expressly excluded from the consideration of the Court. Can it be said that the rights of the plaintiff, (if he has any,) in consequence of his liability on that bond, were actually adjudicated by the Court ?
It seemed to be argued, however, on the part of the plaintiff, for what-purposes it is difficult to conceive — as if this opinion of the Court were erroneous, and that from the facts stated in the former bill, a promise on the part of Gist to indemnify Hunt would be implied.
The deed acknowledges the receipt of the money, and the general rule is unquestionable, that a party shall not be permitted to allege anything in contradiction to his deed. There is a case, however, that of Sheppard v. Little, 14 Johns. 310, in which, notwithstanding such an acknowledgment in a deed, evidence was received to show that the consideration had not been paid. The case was, that the plaintiff being indebted to a third person $180, defendant advanced the money to pay that debt, and plaintiff assigned to him a lease worth $500, upon agreement that he should sell it, reimburse himself, and pay over the surplus to plaintiff. Defendant sold the lease, but refused to pay over the surplus, and plaintiff, bringing his action, was permitted to show these facts. The determination is rested upon the cases in which evidence has been received to show an additional consideration beyond that expressed in the deed, and those in which evidence has been received to contradict or show a mistake in a *344.1 receipt. But the ^authority of that case may well be questioned. J In the case of Curry v. Lyles, decided by this Court, 2 Hill, 404, evidence was received to show a further consideration than that expressed in the deed. But the authorities which establish that such an averment may be made or such evidence given, go upon this — that it is not to contradict the deed, but is consistent with it. The principle is explained in *265 Mildeway’s case, 1 Co. 1T6, that if no consideration be expressed, yet a consideration may be shown; or, if it be said, for divers considerations, a particular consideration may be averred; or where, as in the ease of Villers v. Beamont, there quoted, a money consideration was expressed, it might be shown that the deed was also in consideration of marriage ; because, as is said, “although there was a particular consideration mentioned in the deed, yet an averment in the same case might be made of another consideration, which stood with the indenture and was not contrary to it.” See also the cases on the same subject, collected by Philips, in his Treatise on Evidence, p. 424, et'seq. There is no English case determined on any other principle, unless upon charges of fraud, usury, &c. But, can it be said that when a party acknowledges the' receipt of money by his deed he does not contradict the deed by showing that the money was not received? Then, as to the cases respecting receipts : a receipt is not a contract; it is merely an admission of a fact; and if the fact be not true, the party is not estopped to show the truth by writing merely. But is there any doubt but that a party is estopped by that which he recites or admits in his deed ? The decision in Sheppard v. Little, seems not to be sustained by authority or reasoning; though it strikes me that the case might, perhaps, have been rightly determined on the score of the defendant’s fraud. But admit the authority of that ease in the fullest manner. An express agreement was proved that the defendant was to sell the lease and pay over the surplus. But suppose no such agreement had been shown, and nothing had appeared but the mere facts that defendant had advanced the $180 and received a transfer of the lease, for the expressed consideration of $500 acknowledged to be received. Could the Court have implied the agreement ? There is nothing in the case or in any other case to warrant it I suppose, in the ease before us, that the sheriff, Hunt, knowing the facts, and taking upon himself to know the law, and being satisfied that Gist was entitled to the money, executed the deed, intending to *discharge him and take upon himself the risk of being made liable to M’Dowall and L Black. On what principle could the Court imply a promise to indemnify on the part of Gist ? But this was the precise case, as it appeared from the pleadings and evidence on the former bill. Nothing was shown but the purchase and the execution of the deed acknowledging the receipt of the consideration; and in the absence of any showing to the contrary, parties must be supposed to have intended what they have doue. It may be further observed, that if any promise could be implied, it would not be a promise to indemnify, as the Chancellor supposes, but to pay the money; but could we imply such a promise in contradiction to the express statement, that he claimed the money as his own (of course with Hunt’s knowledge) and would not have paid it if demanded ?
I conclude, therefore, that the plaintiff has made out a new ease by his present bill; that he is not bound by the former decree, and that the plea must be overruled.
And here I might properly stop — the plea being the only matter now before us. But the whole merits of the case (about the facts of which there does not appear to be any dispute) were fully gone into, and it may save litigation and expense, that the views of the Court should be *266 expressed. Of course, if there is any misconception of facts, the parties will not be concluded.
It is said in the former opinion of the Court, that although the sheriff, Hunt, is concluded by the judgment at law, yet Gist is not concluded, not having been a party to the suit. None but parties or privies are bound by a judgment. As the case then appeared, he would not be regarded as privy. A question arises, whether by giving the bond of indemnity, as is now shown, he did not make himself privy, so as to be bound ; especially if he had notice to defend the' suit, (of which there seems little doubt) as well as that he did in fact defend it. But before going into that question, I shall consider the case as it would stand'if there were no such judgment, or as if the suit at law were still depending. It is held in the former opinion of this Court, that if the purchase-money had been actually paid over to the sheriff, the plaintiff would have been entitled to it; and I refer to the reasoning of that opinion for the grounds of the conclusion. And he would have been entitled to it on equitable principles, and might have sustained a suit in equity for it. It is true, he might have brought *an action for money had and received; but that action is in the -* nature of a bill in equity. It would have been a case of concurrent jurisdiction, and he might have chosen his jurisdiction. So, if the sheriff had paid over the money of his own accord to M’Dowall and Black, the suit might have been maintained against them. A man may recover his money from any one into whose hands it may come. And it would have been immaterial if the money had been recovered of the sheriff by suit. There would, then, have been no ground for regarding Gist as privy to the suit, or estopped by the judgment to show a preferable title to the money. And if such a suit had been brought, he might have brought his bill against both parties to enjoin it and establish his own claim to tlie money. But instead of paying the money, he gave the bond of indemnity. If the suit at law were still depending, he would have precisely the same ground of equity (or a clearer one as being liable on the bond of indemnity) to enjoin that suit and establish his own claim. And this right he still has, unless the judgment at law must be regarded with respect to him as res adjudicata.
I come, then, to inquire if, as I suppose, the present plaintiff had notice of the suit at law and was in truth the real defendant, whether he is estopped by the judgment. And certainly it should seem that he ought to be so bound. Certainly the plaintiff does not appear to come within the reason of the rule which declares that none but parties are bound by a verdict or judgment — that he had not an opportunity to give evidence or cross-examine witnesses. It is essential to the just administration of law, that no one should be condemned without having an opportunity of being heard. But it is an equally well-settled principle, and necessary to the peace of society, that when he has once been heard, he shall thenceforward be silent; that when he has once had an opportunity of litigating before a tribunal of competent authority, he shall not bring into question again. Where a party has had an opportunity of defending himself fully at law, equity will not relieve. Winthrop, Todd & Winthrop, v. Survivors of Lane, Son & Fraser, 3 Eq. Rep. 324-5, et note. Maxwell v. Conner, 1 Hill’s Oh. Rep. 22. It was urged with some degree of pertinacity, by the counsel on the part of the plaintiff, that the proper defence *267 was offered to the Court of law and rejected, and that this forms a ground of relief. But this seems to be contrary to the fact, as appears from the report of the presiding Judge, made to this Court *on the trial at (-*04* law, and as is now stated by the same Judge. Evidence was >- offered to show that the title of the land was in the purchaser, Gist; but, as determined in that case, this would not have been a defence. In Maxwell v. Conner, the defence had been offered at law and rejected, and it was held to have been the defendant’s laches that he did not appeal. But certainly there was no such ground of appeal in the case at law of Davis v. Hunt. The ground of appeal taken (see 2 Bail. 415,) “that the presiding Judge erred in rejecting evidence that the Weavers had neither right, title nor interest in the land sold by defendant,” is inconsistent with any such defence having been offered. The very ground of the defence was, that the Weavers had an equitable interest in the land to compel a sale of it, and this alone constituted Gist’s title to the money. My own impression on the case at law was, that Gist’s title was absolute, and that as a matter of indulgence to the Weavers, he had consented to a re-sale, to afford them the chance of an enhanced price, being ignorant that the judgment of M’Dowall and Black had been entered previously to his own, so as to entitle them to the money.
But I feel constrained, on authority, to come to the conclusion, that although in pointfof fact we may be satisfied that Gist was the real defendant at law, yet, in a legal point of view, he cannot be so considered ; but that we must regard that judgment as res inter alios acta — in effect, that this is a case in which he has a right to be twice heard.
There is no question respecting the general rule, that none but parties and privies are estopped by a verdict or judgment. Who are privies ? According to Coke, 1 Inst. [352, a.] there are “privies in blood, as the heir; privies in estate, as the feoffee, lessee, &c. ; and privies in law, as the lords by escheat; tenant by the curtesie, tenant in dower, the incumbent of a benefice, and others that come under by act in law, or in the jposi.” All persons claiming in any manner under either parties, will be regarded as privies. “ Hence the depositions of witnesses in another cause in proof of a fact, the verdict of a jury finding a fact, or the judgment of the Court on facts found, although evidence against the parties and all claiming under them, are not in general to be used to the prejudice of strangers.”. — Per De Grey, C. J., in Duchess of Kingston’s case, 11 State Tri. 261. Now, can Gist be regarded as claiming under the sheriff, Hunt ? The latter was merely a stakeholder, *for the r^o^o person entitled to the money. I may observe here, that the giving L of notice to defend the suit, has nothing to do with determining whether the parties were or were not privies. That relates to another matter, which I shall hereafter consider. If one should come by finding into the possession of a chattel, which was claimed by two other persons, and being sued by one, should defend himself by setting up the title of the other, a verdict against him would be no evidence against the other claimant, in a subsequent suit for the same chattel; and though he had given him notice to defend his title, this would be supererogatory ; he would still be a stranger to the first suit.
There is a class of cases in which verdicts have been held to be evidence, and sometimes conclusive evidence, against persons neither parties *268 to the suit nor privies. As in the case of Green v. The New River Company, 4 T. R. 589, where a master had been sued and damages recovered against him for the neglect of .his servant, it was held by the Court that the verdict would be evidence in an action by the master against the servant, not as to the fact of the injury, but the quantum of damages. This case is said by Philips, p. 228, to be no exception to the rule which forbids a verdict to be evidence against any but parties or privies. The verdict was not res adjudícala as to the servant, but constituted or evidenced the very damage which the master had sustained. But the other party would have nothing to do with this. He might sue both master and servant; but a verdict for or against one would be no evidence in an action against the other. So in the cases in which a vendee, being sued for property, gives notice of the suit to the vendor who has warranted his title. Here the very undertaking of the vendor is to defend the title, and his failure to do so when notified, constitutes of itself the cause of action. So, where the surety to a note being sued, gave notice to the principal to defend the action, the verdict was held to be conclusive in an action against the principal by the surety. Here the implied contract between the principal and surety was, that if the latter should be compelled to pay the money, the former would reimburse him, and the judgment by which he was compelled to pay, went to make up the cause of action. But though the principal had had notice of the suit, and had in fact defended it and failed, the verdict would have been no evidence in a subsequent suit by the payee against the principal. Here the principal would have *bcen twice heard. So, in the case before us, if Hunt gave Gist notice of the suit at law, the verdict would be conclusive in a suit by him on the bond of indemnity against Gist, as being itself the cause of action. But this does not make it evidence in a suit between Gist and M’Dowall & Black. *349]
The case of Kinnerley v. Orpe, Doug. 517, seems to be in point. In that case, the plaintiff had recovered in an action for trespass on a fishery against a servant of O. In another action against another servant of 0., who committed the trespass by C.’s command in order to try the right, the former verdict was offered in evidence and received by Baron Perryn, who held it to be conclusive. But on a rule for a new trial before the King’s Bench, though the cause went off on another point, the Court thought the evidence admissible, though not conclusive. Here certainly then was the same real defendant, though not the same nominal one in both actions. In commenting on that case, however, in Outram v. Morewood, 3 East. 366, Lord Ellenborough says : “ It is extraordinary that it should have been for a moment supposed that there could be an es-stopped in such a case. It was not pleaded as such; neither were the parties in the second suit the same as those in the first. The doubt seems either to be, whether the former record in the action of trespass was at all admissible in evidence upon the subsequent action against the defendant, who was not a party to the former action, rather than as to any conclusive effect which it could have had.” He evidently inclines to the opinion that it was not admissible, and indeed it is difficult to reconcile its admissibility with the acknowledged general rule on the subject.— But if we regard the judgment as admissible in this case, yet if it be not conclusive, I think Gist’s title to the money very clear on the reasoning *269 of the former opinion of the Court, (a) Regarding the plaintiff then as not having been a party to the suit at law, nor bound by the judgment, but coming properly and for the first time to establish his claim, he has made out a clear case for relief. But though we have held that Hunt is concluded by the judgment at law, yet we cannot afford Gist the relief to which he is entitled, * without relieving him also. If the judg- pggQ ment of M’Dowall & Black were enforced against him, he would 4 be plainly entitled to recover against Gist. If the judgment be not conclusive against Gist, it is as if the action were still depending; in which case he would have the clearest equity to enjoin it. The judgment must therefore be enjoined. I am better satisfied to arrive at this result, as it seems to meet the true merits of the case.
The plaintiff, however, must pay the costs. The present suit has been rendered necessary by his neglect in failing to make out a proper case by his former bill. It is true that he states the bond of indemnity to have been out of his possession, and only recovered since the filing of his present bill; but he knew of its existence ; it does not appear but that with proper diligence he might have found it before ; or if he could not, that he might not have established its existence, contents and loss. The former bill says nothing of the bond, nor does it charge any liability to Hunt, which was the plaintiff’s only ground of equity.
It is ordered and adjudged that the decree of the Chancellor be reversed, and the defendant’s plea be overuled.
Johnson, J., concurred.

 In McDowall & Black vs. Gist and Others, and Gist and Hunt vs. McDowall & Black, Columbia, May 1833.